UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL YERMIAN,

      Plaintiff,

vs.

Case No. 09-CV-12665
HON. GEORGE CARAM STEEH

COUNTRYWIDE HOME LOANS, INC.,

      Defendant.

_____/

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (# 4)
AND GRANTING PLAINTIFF LEAVE TO FILE AMENDED CLAIMS OF
FRAUDULENT AND NEGLIGENT MISREPRESENTATION
ON OR BEFORE JANUARY 8, 2010

Defendant Countrywide Home Loans, Inc. moves to dismiss plaintiff Michael Yermian's claims of wrongful foreclosure, violation of 15 U.S.C. § 1639(h) of the Truth in Lending Act ("TILA"), predatory lending, violations of the TILA, fraudulent misrepresentation, negligent misrepresentation, defamation of credit in violation of the Fair Credit Reporting Act ("FCRA"), rescission of notes and mortgages, reformation of notes and mortgages, and violation of Michigan's Brokers, Lenders, and Servicers Licensing Act, M.C.L. § 445.1651, et seq.. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument. For the reasons set forth below, defendant Countrywide's motion to dismiss will be GRANTED. Plaintiff Yermian will be GRANTED leave to file amended claims of fraudulent misrepresentation and negligent misrepresentation ONLY, on or before January 8, 2010.

**I. Background**

Plaintiff Michael Yermian filed a complaint in Michigan's Oakland County Circuit

Court on June 4, 2009, alleging he purchased the real property commonly known as 5818 Willow Grove Drive, Troy, Michigan, 48085, in 2003, and refinanced his home loan in November 2005. Yermian alleges the loan was a "negative amortization loan," which is allegedly illegal under 15 U.S.C. 1639(f) of the TILA. Yermian alleges he could not afford to repay the loan under any circumstances, and that the November 18, 2005 "Truth in Lending Disclosure Statement" he received misrepresented his monthly loan payments, and falsely indicated that he would be able to pay off the loan if he made 360 consecutive payments. Yermian alleges that his monthly payments continued to adjust upward, that he could not and did not discover his loan was a "negative amortization loan" until he sought legal advice, and that he could not and did not know that his monthly payments did not match the terms of the November 18, 2005 Truth in Lending Disclosure Statement. Yermian alleges that defendant Countrywide "will soon schedule a foreclosure sale" to divest him of the Troy property, and that Countrywide has "made negative marks onto Plaintiff's credit report." Complaint, ¶¶ 20-21, at 2. Countrywide removed the lawsuit to federal court on July 7, 2009, based on federal question jurisdiction over Yermian's federal TILA and FCRA claims. Countrywide filed the instant motion to dismiss on July 13, 2009.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a district court to assess in a motion to dismiss whether the plaintiff has stated a claim upon which relief may be granted. In making that assessment, the court must construe the pleadings in a light most favorable to the plaintiff and determine whether the plaintiff's factual allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Ass'n

2

of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's pleadings must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (quoting Bell Atlantic, 127 S. Ct. at 1964-65).  In deciding a Rule 12(b)(6) motion, a district court may properly consider documents that are referred to in the complaint and central to the claim.  Armengau v. Cline, 7 Fed. App'x. 336, 344 (6th Cir. 2001) (citing Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999)).

### III. Analysis

#### A.  Count I - Wrongful Foreclosure

In responding to Countrywide's motion to dismiss, Yermian has not opposed dismissal of Count I alleging wrongful foreclosure premised on a violation of M.C.L. § 600.3204(1)(a) (governing foreclosure by advertisement).  Yermian candidly admits in his pleadings that Countrywide has not yet instituted foreclosure proceedings.  Countrywide is entitled to dismissal of Count I alleging wrongful foreclosure.  Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548.

#### B.  Count VII - FCRA

Yermian has not opposed dismissal of his claim that Countrywide "made or will make derogatory reports on Plaintiff's credit reports that are patently untrue."  Complaint, ¶ 68, at 13.  Countrywide represents to the court that Yermian concedes to the dismissal of the FCRA claim.  Plaintiff's August 6, 2009 Reply Brief, at 1, fn.1.  Countrywide is entitled to dismissal of Count VII alleging wrongful disclosure.  Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548.

#### C.  Count III - Predatory Lending

Yermian relies on In re First Alliance Mortgage Co., 471 F.3d 977, 984 (9th Cir. 2006) and Associates Home Equity Services, Inc. v. Troup, 343 N.J. Super. 254, 778 A.2d 529 (Super. Ct. 2001) to support his claim of "predatory lending" under Michigan law. In re First Alliance was decided under California tort law governing aiding and abetting fraud. In re First Alliance, 471 F.3d at 983. Associates Home Equity was decided under New Jersey statutes known as the Consumer Fraud Act and the Law Against Discrimination, as well as the federal Fair Housing Act and Civil Rights Act. Associates Home Equity, 343 N.J. Super. at 262. Michigan does not recognize an independent claim of "predatory lending." McLean v. Countrywide Home Loans, Inc., No. 09-CV-11239, 2009 WL 2777017, *6 (E.D. Mich. Aug. 27, 2009); Swarich v. OneWest Bank, F.S.B., No. 09-13346, 2009 WL 4041947, *5 (E.D. Mich. Nov. 20, 2009). Countrywide is entitled to dismissal of Count III alleging predatory lending. Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548.

### D. Counts II and IV - Violations of the TILA

Yermian alleges in Count II that he is entitled to rescission of his November 2005 refinancing transaction for Countrywide's violation of 15 U.S.C. § 1639(h):

> **(h) Prohibition on extending credit without regard to payment ability of consumer**
>
> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title, based on the consumers' collateral without regard to the consumer's repayment ability, including the consumers' current and expected income, current obligations, and employment.

15 U.S.C. § 1602(aa) defines "high interest" loans that qualify as "HOEPA loans" under the Home Ownership and Equity Protection Act of 1994. Yermian alleges in Count IV that Countrywide provided "false interest rate, fee and monthly payment disclosures in

connection with the closing of the mortgage loan transaction," and "did not provide Plaintiffs with a Notice of Right to Cancel[.]" Yermian alleges he is entitled to equitable tolling of his Count IV TILA claims "because the documents provided to Plaintiff were withheld from Plaintiff and if they existed at all, were seriously misleading." Complaint, ¶ 44, at 8.

Countrywide argues that it is entitled to dismissal of Yermian's TILA claims because the damages claims are barred by the one-year statute of limitations period of 15 U.S.C. § 1640(e), and the claim for rescission is barred by the three-year statute of limitations period of 15 U.S.C. § 1635(f). Countrywide asserts that Yermian's allegation seeking equitable tolling is conclusionary, and does not support requisite findings that Countywide took affirmative steps to conceal Yermian's TILA causes of action, or that Yermian could not have discovered his TILA claims despite his exercise of due diligence. As to the merits of Yermian's TILA claims, Countrywide argues that Yermian has failed to allege facts to support a finding under § 1639(h) that Countrywide engaged in a "a pattern or practice" of extending HOEPA loans to consumers without regard for their repayment ability. Countrywide also proffers the subject note and mortgage as demonstrating that the variable rate terms of the November 5, 2005 refinancing were fully disclosed to Yermian. Countrywide further argues that the Truth in Lending Disclosure Statement attached to the Complaint disclosed that Yermian's loan was a variable rate loan.

15 U.S.C. § 1640(e) provides in pertinent part that '[a]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation." "[T]he statute of limitations for actions brought under 15 U.S.C. § 1640(e) is subject to equitable tolling in appropriate circumstances, and . . . for application of the doctrine of fraudulent concealment, the limitations period runs from the date on which the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA

5

violation." Jones v. TransOhio Savings Association, 747 F.2d 1037, 1043 (6th Cir. 1984). To prevail on a claim of fraudulent concealment, the plaintiff must show that: (1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." Jarrett v. Kassel, 972 F.2d 1415, 1423 (6th Cir. 1992).

Section 1640(e) bars only a plaintiff's untimely suit for damages under the TILA, and not a cause of action for rescission under 15 U.S.C. § 1635. McCoy v. Harriman Utility Bd., 790 F.2d 493, 496 (6th Cir. 1986). "Under § 1635, if the defined disclosures are made, the obligor has three days to rescind a credit transaction; if defined disclosures are not made, the obligor has a right to rescind up to three years after consummation of the transaction pursuant to 15 U.S.C. § 1635(f)." Id. Equitable tolling does not apply to the right of rescission under § 1635(f). Bolden v. Aames Funding Corp., No. 03-2827, 2005 WL 948592, *3 (W.D. Tenn. Feb. 25, 2005) (citing Taylor v. The Money Store, No. 00-35930, 2002 WL 1769962, *1 (6th Cir. 2002) (quoting Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412-13 (1998))).

Construing the pleadings and proffered documents in a light most favorable to Yermian, Countrywide is entitled to dismissal of Yermian's TILA claims as alleged in Counts II and IV because the claims are time barred. Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548; Armengau, 7 Fed. App'x. at 344. Yermian filed his Complaint on June 4, 2009, more than three-and-a-half years after he completed the subject refinancing transaction on November 18, 2005. See Truth in Lending Disclosure Statement, Exhibit A, attached to Complaint. Yermian's claims for rescission under the TILA expired three years later, on November 18, 2008, and are not subject to equitable tolling. 15 U.S.C. § 1635(f); Bolden, 2005 WL 948592 at *3; Moore v. OneWest Bank, 09-

6

CV-13342, 2009 WL 3270181, *6 (E.D. Mich. Oct. 9, 2009).

For purposes of recovering damages under the TILA, Yermian's allegation that he could not discover the TILA violations until he sought legal advice is insufficient to support a finding of equitable tolling. Moore, 2009 WL 3270181 at *5 (reasoning that "it would be anomalous to base the tolling of the statute of limitations on the timing of a plaintiff's decision to seek legal advice" where the plaintiff has not alleged facts to support a finding that he otherwise exercised due diligence in discovering his claim). Moreover, the November 18, 2005 Truth in Lending Disclosure Statement signed by Yermian, as well as his note, disclosed that Yermian's loan was a variable rate loan. See Exhibit A attached to Complaint; Defendant's Exhibit B. Even to the extent the November 18, 2005 Truth in Lending Disclosure Statement could be viewed as misleading, by disclosing a variable rate loan while also identifying specific monthly loan payments due during the course of the 30-year loan, Yermian has not alleged facts indicating that Countrywide took affirmative steps to prevent him from comparing his monthly billing statements (which allegedly continued to adjust upward) with the November 18, 2005 fee schedule. See Moore, 2009 WL 3270181 at *5. Yermian's conclusionary argument that "[t]he equities in this case weigh in favor of equitable tolling" does not support a finding of equitable tolling. Ass'n of Cleveland Fire Fighters, 502 F.3d at 548; Bolden, 2005 WL 948592 at *3; Moore, 2009 WL 3270181 at *4-5.

Countrywide is entitled to dismissal of Counts II and IV alleging violations of the TILA because the claims are timed barred. Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. The court does not reach the merits of the claims.

### E. Counts V and VI - Fraudulent and Negligent Misrepresentation

Countrywide moves to dismiss Yermian's claims of fraudulent and negligent

misrepresentation for failing to plead the claims with particularity as required by Federal Rule of Civil Procedure 9(b). To meet the particularity requirements of Rule 9(b), the plaintiff must "specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Frank v. Dana Corp., 547 F.3rd 564, 569-570 (6th Cir. 2008). Fraudulent misrepresentation requires proof of a false misrepresentation of fact made by the defendant knowing it was false, or made with reckless disregard for the truth. Bergen v. Baker, 264 Mich. App. 376, 382, 691 N.W.2d 770 (2004). Negligent misrepresentation requires proof that the defendant provided information without reasonable care to a plaintiff to whom a duty was owed. Law Offices of Lawrence J. Stockler, P.C. v. Rose, 174 Mich. App. 14, 33, 436 N.W.2d 70 (1989). "If plaintiffs fail to allege facts in keeping with the particularity requirement of Rule 9(b), plaintiffs fail to state a claim on which relief may be granted under Rule 12(b)(6)." State of Michigan ex rel. Kelley v. McDonald Dairy Co., 905 F.Supp. 447, 450 (W.D. Mich. 1995).

Count V, fraudulent misrepresentation, alleges that Countrywide provided "false property value and payment disclosures," that Countrywide made "false material misrepresentations by representing that property values on the mortgage market were much greater than they actually were," and that Countrywide "further knew or were [sic] reckless to the truth without knowledge that true property values were not reflective of the value of the loans being made[.]" Count VI, negligent misrepresentation, alleges that Countrywide "prepared the information relating to the values of the Property, payment amounts on the Notes and Mortgages, whether Plaintiff could refinance or sell the Property and closing costs without reasonable care as to their truth or falsehood." These conclusionary recitations of the elements of fraudulent misrepresentation and negligent

misrepresentation do not meet the particularity requirements of Rule 9(b). Frank, 547 F.3rd at 569-570; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Countrywide is entitled to dismissal of Counts V and VI alleging fraudulent misrepresentation and negligent misrepresentation. McDonald Dairy Co., 905 F.Supp. at 450.

### F. Counts VIII through XI - Rescission, Reformation, Violation of M.C.L. § 445.1672, TRO/Preliminary Injunction

Yermian alleges that Countrywide violated M.C.L. § 445.1672 by "fail[ing] to conduct business in accordance with law" and "[e]ngag[ing] in fraud, deceit or material misrepresentation[s][.]" Yermian's claims for rescission, reformation, and injunctive relief are claims for equitable remedies likewise based on underlying unlawful conduct. The court has determined that Countrywide is entitled to dismissal of Yermian's substantive claims. In filing his response, Yermian has not advanced any argument opposing dismissal of these claims. Countrywide is entitled to dismissal of Counts VIII, IX, X, and XI as a matter of law. Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548; Armengau, 7 Fed. App'x. at 344.

### IV. Request to Amend Counts V and VI

Yermian asserts in the closing sentence of his response brief that "[i]n the event that the Court finds that fraudulent representation and negligent misrepresentation were not pled with the required specificity, Plaintiff should be allowed to amend his Complaint to plead these causes of action with greater specificity." Leave to amend is to be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). The rule particularly applies if the complaint fails to plead fraud with the particularity required by Rule 9(b). Keweenaw Bay Indian Cmty. v. State of Michigan, 11 F.3d 1341, 1348 (6th Cir. 1993). Yermian will be granted leave to file amended claims of fraudulent and negligent misrepresentation as

alleged in Counts V and VI, to plead these claims with greater specificity.

## V. Conclusion

Countrywide's motion to dismiss is hereby GRANTED. Plaintiff Michael Yermian's claims as alleged in the June 4, 2009 Complaint are hereby DISMISSED in their entirety. Yermian is hereby GRANTED leave to file amended claims of fraudulent misrepresentation and negligent misrepresentation ONLY, to cure the Rule 9(b) defects in Counts V and VI as alleged in the June 4, 2009 Complaint. Yermian shall file his amended Counts V and VI on or before January 8, 2010. Failure to timely file the amended claims of fraudulent misrepresentation and negligent misrepresentation will result in the dismissal of these claims as futile, and the dismissal of this lawsuit.

SO ORDERED.

Dated: December 17, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 17, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk